[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE SUBSTITUTE COMPLAINT (#115)
This is a personal injury action brought by the plaintiff, Jean Y. Green ("Green") against the defendant, Habitat for Humanity for Greater New Haven, Inc.("Habitat"). Green seeks damages for injuries she allegedly sustained in a fall from a basement staircase at premises located at 378 Crown Street, New Haven, Connecticut and owned by Habitat.
Green's Substitute Complaint is in two counts. The First Count alleges international tort and the Second Count alleges public nuisance. This Substitute Complaint was filed in response to this court's granting Habitat's motion to strike both counts of Green's September 10, 2000 Amended Complaint. See Memorandum of Decision Re: Motion to StrikePlaintiff's Amended Compliant (#111), January 12, 2001, (Devlin, J.). Familiarity with this decision is presumed. In that decision, this court found that the first count of the Amended Complaint alleging recklessness was barred by the two year statute of limitations prescribed by General Statutes § 52-584; and that the second count alleging nuisance did not state a cause of action for public nuisance because it did not allege that the nuisance interfered with a right common to the general public.
Habitat now moves to strike Green's Substitute Complaint asserting that it suffers from the same legal defects as did the prior Amended Complaint. For the reasons set forth below, the motion to strike must be granted.
 DISCUSSION A. FIRST COUNT
In paragraph 4 of her Amended Complaint, Green alleged:
"On or about said date, the Plaintiff was instructed by an agent and representative of the Defendant, CT Page 7756 HABITAT, to go down into the basement at 378 Crown Street, New Haven, Connecticut along with other individuals to clean up the basement and remove trash. The Plaintiff asked said agent of the Defendant whether it was safe to go down the stairs into the basement and she was recklessly and wantonly told by said agent that the basement stairs were safe and that she should proceed to the basement on said stairs when in fact said agent knew no such thing and HABITAT knew said stairs were clearly unsafe thereby exhibiting a reckless disregard for the safety of Plaintiff and others and the likely consequences of the use of said stairway." (Emphasis added).
In paragraph 4 of the present Substituted Complaint, Green alleges:
 "On or about said date, the Plaintiff was instructed by an agent and representative of the Defendant, HABITAT, to go down into the basement at 378 Crown Street, New Haven, Connecticut along with other individuals to clean up the basement and remove trash as a part of a volunteer renovation. The Plaintiff asked said agent of the Defendant whether it was safe to go down the stairs into the basement and Defendant's agent willfully and intentionally misled
Plaintiff by telling her that said stairway had been determined to be safe by the Defendant when in fact the opposite was true and that in effect Defendant's agent was willfully and intentionally directing Plaintiff to go down a known dangerous stairway thereby exhibiting a willful and intentional disregard for the safety of Plaintiff and other such public volunteers present and deliberately
disregarding the likely consequences of the use of said stairway." (Emphasis added).
As discussed in this court's earlier decision, Green's original complaint was served more than two years but less than three years from the date of her injury. Accordingly the reckless cause of action, as was alleged in the Amended Complaint, was time barred by § 52-584's two year statute of limitations. A cause of action not based on negligence or recklessness, but rather intentional tort would be governed by General Statute § 52-577's three year limitation period and be timely. The issue therefore is whether the first count of the Substituted Complaint alleges intentional tort or continues to allege, albeit in different language, recklessness. CT Page 7757
The fundamental problem with the First Count of the Substitute Complaint is that Green does not allege that Habitat intended the consequences of its actions. "Intent" denotes that the actor desires to cause the consequences of his act, or that the actor believes that the consequences are substantially certain to follow from it. 1 Restatement (Second) Torts, § 8A (1965). The concept of intent in relation to tortious conduct has reference to the consequences of the act rather than the act itself. Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660,667 (1992).
A fair reading of Green's allegation is that Habitat's actions in directing her to go down a dangerous staircase was willful and intentional but it does not allege that Habitat intended her to fall from the stairs or that it believed Green's fall was substantially certain to follow from its directive.
Despite the changed language, the court finds that the First Count continues to allege recklessness. The comments to § 500 of the Restatement state:
 "Reckless misconduct differs from intentional wrongdoing in a very important particular. While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from it . . ."
Restatement (Second) Torts, § 500, Comment f.
Here the intentional conduct alleged was the act of directing Green to use the staircase. The further allegation that this intentional act constituted a deliberate disregard for the likely consequences is an allegation of recklessness. See Restatement (Second) Torts, § 500, Comment a. (in one type of reckless conduct the actor knows or has reason to know of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or fail to act, in conscious disregard of, or indifference to, that risk).
The motion to strike the First Count must be granted.
 B. SECOND COUNT
In the Second Count of her Substitute Complaint, Green again alleges a public nuisance cause of action. Paragraph 7 states that Habitat CT Page 7758 maintained a public nuisance (the dangerous stairway) "in a building it had publicly invited the general public to enter the as unpaid public volunteers . . . thereby interfering with Plaintiff's common public right to volunteer to help her community . . ."
The problem with the Second Count is that Green's "common public right to volunteer" is not the same as a public right to enter upon private property. As alleged in the Substituted Complaint, Green was "invited" on to 378 Crown Street by Habitat. In this regard, she is no different than a member of the public "invited" into a shopping mall or supermarket neither of which support a claim for public nuisance. See Massey v. Mallat Buckland Hills, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 531452 (February 4, 1994, Sheldon, J.) (fall at shopping mall, motion to strike public nuisance count granted);Laverty v. The Stop Shop Supermarket, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 554032 (October 16, 1996, Hennessy, J.) (fall at supermarket, motion to strike public nuisance count granted). These cases are in accord with longstanding Connecticut law that persons who enter premises at the invitation of the owner and are injured cannot base a claim for recovery on public nuisance. Webel v. Yale University, 125 Conn. 515, 524-25 (1939).
The motion to strike the Second Count must be granted.
 CONCLUSION
For the reasons set forth above, the motion to strike the two counts of the Substitute Complaint is granted.
So Ordered at New Haven, Connecticut this 5th day of June, 2001.